UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**JOSEPH JONES, ON BEHALF OF**          **CASE NO.:**
**HIMSELF AND THOSE SIMILARLY**
**SITUATED,**

      **Plaintiff,**

vs.

**GOLDCO, LLC, AN ALABAMA**
**LIMITED LIABILITY COMPANY,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH JONES, on behalf of himself and those similarly situated, by and through the undersigned attorneys, sues the Defendant, GOLDCO, LLC ("hereinafter "GoldCo"), and alleges:

1. Plaintiff, on behalf of himself and those similarly situated, was an employee of GoldCo and brings this action for unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

### General Allegations

2. Plaintiff worked as an assistant manager for GoldCo at one of their Burger King franchise locations in Valdosta, Georgia.

3. Plaintiff worked for GoldCo from November 2009 to November 2010.

1

4. Plaintiff and those similarly situated assistant managers were paid a day rate as their wages with no additional overtime compensation.

5. GoldCo is an Alabama Limited Liability Company that operates and conducts business in, among other locations, Valdosta, Georgia, and is therefore within the jurisdiction of this Court.

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every assistant manager who worked for Defendant at any time within the past three (3) years.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. At all material times relevant to this action, GoldCo earned more than $500,000.00 per year in gross sales.

9. Within the last three years, GoldCo also employed at least two employees engaged in interstate commerce or who handled goods, materials or supplies which had travelled in interstate commerce.

10. Therefore, GoldCo is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

11. Additionally, Plaintiff and those similarly situated assistant managers were engaged in interstate commerce during their employment with GoldCo as a result of routine and daily use of the instrumentalities of commerce, including phone and internet lines.

## FLSA Violation Allegations

12. At all times relevant to this action, GoldCo failed to comply with 29 U.S.C. §§201-209 because Plaintiff and those similarly situated assistant managers were only paid day rates without any overtime compensation.

13. Based on information and belief, GoldCo operates approximately sixty-three Burger King locations throughout Georgia, Alabama and Florida.

14. At each of these locations, GoldCo employs multiple assistant managers to help operate the restaurant and to service customers.

15. For most of the statute of limitations time period, assistant managers were paid a day rate with no overtime compensation paid.

16. Pursuant to 29 C.F.R. § 778.112, employees paid by day rate are entitled to overtime compensation.

17. Based on information and belief, in November 2011 GoldCo stopped paying assistant managers by a day rate.

18. However, GoldCo did not compensate its assistant managers for the overtime hours worked prior to November 2011 when it paid its assistant managers by day rate.

19. Plaintiff and other assistant managers have worked overtime hours during this time frame without being paid overtime compensation.

20. Plaintiff and other assistant managers are entitled to overtime compensation for the overtime hours worked by them during this time frame.

21. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during

one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

22. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees are in the possession and custody of GoldCo.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24. Plaintiff and those similarly situated employees are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

25. During their employment with GoldCo, Plaintiff and those similarly situated employees were paid a day rate and were not paid overtime compensation for overtime hours worked.

26. As a result of GoldCo's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

27. GoldCo did not rely on a good-faith basis in their decision to pay its assistant managers a day rate without overtime compensation.

28. As a result of GoldCo's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JOSEPH JONES, on behalf of himself and those similarly situated, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – DECLARATORY RELIEF

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

31. Plaintiff and Defendant have a pending dispute under the Fair Labor Standards Act, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331.

32. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act.  28 U.S.C. §§ 2201-2202.

33. Plaintiff may obtain declaratory relief.

34. Defendant, GoldCo, LLC, employed Plaintiff and its other assistant managers.

35. GoldCo failed to pay Plaintiff and other assistant managers any overtime compensation for overtime hours worked during the period of time in which they were paid a day rate.

36. Plaintiff is entitled to overtime pursuant to 29 U.S.C. § 207.

37. GoldCo did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

38. GoldCo did not rely upon a good faith defense in their decision to not pay Plaintiff and other assistant managers overtime compensation.

5

39. Plaintiff is entitled to an equal amount of liquidated damages.

40. It is in the public interest to have these declarations of rights recorded as other employees have experienced these same legal violations.

41. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

42. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

43. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JOSEPH JONES, demands a declaration of rights finding that Plaintiff worked over forty (40) hours in a workweek without receiving correct overtime pursuant to the FLSA, that Defendant failed to keep accurate time records, that Defendant had a legal duty to pay Plaintiff and other assistant managers proper overtime compensation pursuant to the FLSA, that Defendant failed to prove a good faith defense to these violations, and that Plaintiff and those similarly situated employees are entitled to proper compensation, liquidated damages and reasonable attorneys' fees pursuant to the FLSA.

Dated this 12th day of September, 2012.

**/s/ Robert D. Howell**
Robert D. Howell
Georgia Bar No. 372598
P.O. Box 100
Moultrie, Georgia 31776
Phone: (229) 985-5300
Fax: (229) 891-3378
Email: robert.howell@southgalaw.com
Counsel for Plaintiff